Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 00076

STEVEN LAWRENCE PACHECO

Plaintiff

CIVIL ACTION:

v.

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT,
POLICE OFFICER MICHAEL GREANEY (SHEILD #020646)

JUDGE KOELTL

**VERIFIED COMPLAINT**
**JURY CLAIM**
**AS TO ALL COUNTS**

Defendants

**INTRODUCTION**

Steven Lawrence Pacheco, a resident of Bronx County, State of New York asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: False Arrest
2. Violation of 42 U.S.C. 1983: False Imprisonment
3. Violation of 42 U.S.C. 1983: Malicious Prosecution
4. Intentional Infliction of Emotional Distress
5. Violation of 42 U.S.C. 1983: Conspiracy
6. Negligence




**JURISDICTION**

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

**PARTIES**

3. Plaintiff Steven Lawrence Pacheco [hereinafter "Pacheco"] is a natural person residing in The Bronx, New York, United States of America; was a resident of The Bronx during all relevant times of this action.

4. Defendant City of New York (hereinafter "CITY") is a properly incorporated city in the State of New York

5. Defendant New York Police Department (hereinafter "NYPD") is an authorized agency of the City of New York

6. Defendant Police Officer Michael Greaney (hereinafter "GREANEY") is an employee of the New York Police Department.

7. At all times material to this Complaint, Defendants CITY and the NYPD acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the City and State of New York.

8. At all relevant times, quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

**PLAINTIFF'S BACKGROUND FACTS**

9. On July 25, 2013 at approximately 10:30pm,PACHECO was walking along W165th Street between Nelson and Woodycrest Avenues in Bronx County while listening to music on his headphones.

10. Heading towards Kennedy Fried Chicken approximately 3 blocks away, PACHECO was approached by at least 3 unknown men running towards him after they jumped out of a black sedan.

11. Having been assaulted just months earlier in that same neighborhood (which resulted in a laceration across his face and severe lacerations to his back requiring staples to close the wound), PACEHCO ran for his safety.

12. After running for approximately 3 blocks, the then unknown men pulled out guns and displayed badges, to which PACHECO responded by stopping in place and putting up his hands.

13. Upon the unknown men reaching PACHECO at W168th Street and Ogden Avenue, who he now recognized as police officers, the officers wrestled PACHECO down to the ground and kicked him repeatedly in his stomach, as well as gun butting him in his head.

14. PACHECO was handcuffed and ultimately brought to the 44th Precinct.

15. PACHECO eventually left the 44th Precinct and was brought to Central Booking where he was arraigned in Bronx Criminal Court and charged with felony level possession of a controlled substance; the commencement of the criminal action at issue.

16. Bail was set at arraignments at an amount PACHECO could not pay.

17. Consequently PACHECO remained incarcerated for six (6) days at Vernon C. Bain Center until his release after the grand jury voted No True Bill.

18. Consequently PACHECO's criminal case was dismissed in his favor on August 20, 2013.

**UNDISPUTED FACTS**

19. Plaintiff was arrested on July 25, 2013.

20. Plaintiff was transported to the 44th Precinct, after being taken into NYPD custody.

21. At arraignment bail was set.

22. Plaintiff remained incarcerated for six days at the Vernon C. Bain Center until released on or about July 31, 2013.

23. Ultimately, all charges were dismissed on August 20, 2013.

**COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST**

24. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 23 above with the same force and effect as if herein set forth.

25. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

26. Acting under color of law, Defendant's engaged in a denial of Jones' rights, privileges or immunities secured by the United States Constitution or by Federal Law, as incorporated by the 14th amendment.

27. There was no probable cause for the July 25, 2013 arrest and incarceration of PACHECO and as a result his constitutional rights were violated.

28. As a result of the Defendant's unlawful and malicious action PACHECO was temporarily deprived of both her liberty without due process of the law and her right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $1,000,000 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable. "Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless of callous indifference to plaintiff's federally protected rights." *Smith v. Wade*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355. In this instant matter counsel would argue that the clear indication on the record that the People did not believe there was even sufficient cause to arrest Mr. Foy arguably concedes the point that said arrest and detention was in direct violation of Plaintiff's civil rights, as guaranteed by the United States Constitution and the Fourteenth Amendment therein.

**COUNT 2: VIOLATIONS of 42 U.S.C. 1983: FALSE IMPRISONMENT**

29. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 28 above with the same force and effect as if herein set forth.

30. As a result of the unlawful and malicious arrest of Jones for which there was no probable cause, PACHECO was incarcerated for approximately 6 days without justification or consent, whereby Defendants deprived PACHECO of her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS PROSECUTION**

31. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 30 above with the same force and effect as if herein set forth.

32. Defendants, intentionally and maliciously, instituted and pursued a criminal action against PACHECO that was brought without probable cause and was dismissed in PACHECO's favor.

33. As a result of the concerted unlawful and malicious prosecution of PACEHCO, the Defendant's deprived PACEHCO of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the malicious prosecution against all Defendants jointly and severally, for actual, general, special and compensatory damages in the amount of $1,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 4: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

34. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. Defendants intentional and reckless conduct resulted in the extended incarceration of PACHECO.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY**

36. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above with the same force and effect as if herein set forth.

37. At all times relevant to this Complaint, the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest and malicious prosecution of PACEHCO.

38. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were about to be committed.

39. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed to do so.

40. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct heretofore described.

41. As a direct and proximate cause of the negligent and intentional acts of the Defendants, as set forth in paragraphs 1-36 above, Plaintiff suffered loss of physical liberty and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 6: NEGLIGENCE**

42. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 above with the same force and effect as if herein set forth.

43. Defendants owed a duty to pursue criminal actions only against suspects for which there is sufficient probable cause that the suspect had committed the criminal offense in question.

44. Defendants breached that duty to Jones when they arrested her for the felony of grand larceny when there was, admittedly, no probable cause sufficient to support a finding that PACHECO committed this, or any other, crime associated with this incident.

45. As a result of the breach, which were the actual and proximate cause of Jones' injury, Jones suffered harm and damages.

46. Defendants are also liable under the doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair and appropriate

Respectfully submitted,

STEVEN LAWRENCE PACHECO
By his attorney
December 17, 2014

Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233

PLAINTIFFS VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

STEVEN LAWRENCE PACHECO

Subscribed and sworn to before me, this 19th day of December 2014

Notary Public

JASON VANCE
NOTARY PUBLIC, State of New York
No. 04VA6161023
Qualified in Bronx County
Commission Expires Feb. 8, 2019